UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID MOWETT,<br><br>Plaintiff,<br><br>v.<br><br>FRANKLIN, VILLAGE OF, *et al.*,<br><br>Defendants. | Case No. 26-12280<br>Honorable Denise Page Hood<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING PLAINTIFF'S MOTIONS TO EXTEND TO SERVE DEFENDANTS (ECF NOS. 5, 6, 10)**

Plaintiff David Mowett, proceeding pro se, brings this malicious prosecution action under 42 U.S.C. § 1983 against the Village of Franklin, Derek Wiese, Robert Mydloski, Denis Berry, and several unnamed individuals. ECF No. 1. The Honorable Denise Page Hood referred this case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 12. Mowett has filed three motions to extend to serve defendants. ECF No. 5; ECF No. 6; ECF No. 10.

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 90 days after filing the complaint. If the plaintiff does not

do so, the Court must dismiss the action without prejudice as to the unserved defendant "or order that service be made within a specified time." Fed R. Civ. P. 4(m). But if the plaintiff shows good cause for the failure, the Court must extend the time for service. *Id.*; *see also In re Lopez*, 292 B.R. 570, 574 (E.D. Mich. 2003) ("[E]ven in the absence of good cause, the court may grant an extension of time for service, but if good cause is shown, the court *must* extend.").

Mowett filed his complaint on July 6, 2026, so he had until October 4, 2026, to serve defendants. Fed R. Civ. P. 4(m). But because October 4 fell on a Sunday, the deadline became the next business day, Monday, October 5, 2026. *See* Fed R. Civ. P. 6(a)(1)(C) ("[I]f the last day [of a period stated in days] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

The Village of Franklin, Mydloski, and Wiese were served on or before October 5, 2026. ECF No. 7; ECF No. 8; ECF No. 9. Berry was served at his residence on October 9, 2026, but refused to sign. ECF No. 11-1, PageID.84. Mowett asserts that Berry evaded service before then, noting that the process server tried to serve Berry at his residence three times before October 5. ECF No. 10, PageID.64; ECF No. 11, PageID.80.

The Court finds that good cause justifies Mowett's inability to serve Berry until October 9, and **GRANTS** Mowett's motions to extend. ECF No. 5; ECF No. 6; ECF No. 10.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 16, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. L.R. 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 16, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager